UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PROMENADES MALL (E&A), LLC a South
Carolina limited liability company,

                Plaintiff,

-vs-                                                        Case No. 2:08-cv-475-FtM-29SPC

ALLSTATE INSURANCE COMPANY an Illinois
corporation,

                Defendant.
_____

## ORDER

This matter comes before the Court on the Plaintiff, Promenades Mall (E & A), LLC.'s Amended Motion to Compel Production of Documents (Doc. #47) filed on April 24, 2009. The Defendant, Allstate Insurance Company, filed its Response in Opposition (Doc. # 49) on April 29, 2009. The Motion is now ripe for review.

The Federal Rules state that, "[t]he party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b). Likewise a party upon whom interrogatories have been served has thirty days to respond either by filing answers or objections to the propounded interrogatories. Fed. R. Civ. P. 33(b). If the serving party does not receive a response to their interrogatories and request for production the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the order to compel is at the discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).

The Plaintiff moves the Court to Compel production of documents from requests for production numbers 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, and 18.

Request number 2 seeks "[a]ll drafts of the Policy, including any amendments and/or endorsements." The Defendant objected to the request arguing the request is overbroad vague and not relevant and not reasonably calculated to lead to the discovery of admissible evidence. The drafts and or amendments to the policy are relevant to the claim that the Defendant breach the contract because it shows the history of how the final contract was developed. Thus, the request to produce is due to be granted.

Request number 3 asks for "[t]he entire underwriting file relating to the Policy, and any amendments, renewals, or extensions of the Policy." Allstate responded with the same general objections as before. Court's have held that underwriter's files are discoverable in bad faith claims, but in breach of contract claims, they are only discoverable when the contract terms are ambiguous. *See* Milinazzo v. State Farm Insurance Co., 247 F.R.D. 691, 702 (S.D. Fla. 2007)(holding that the underwriter's file was not relevant to the claims for breach of contract or determination of coverage in auto accident claim). Here the Plaintiff has not alleged bad faith but instead claimed a that Allstate breached its contact (Count I) and (Count II) Allstate violated Florida's good faith and fair dealing statute. The Court has previously held that Count II was not a thinly veiled bad faith claim. Therefore, the underwriting file is not relevant to the claims of breach of contract or for determination of coverage and the Motion to Compel request for production number 3 is due to be denied.

Request number 4 seeks "[a]ll documents relating to the application process, negotiations, issuance, extension or amendments of the Policy, including, but not limited to, communications

between Promenades Mall or Edens & Avant, and Allstate Insurance Company, and any of its agents, brokers or any third parties, questionnaires, log notes, notes of conversations, worksheets, internal memoranda, check lists, quotes and binders." The Defendant objects stating the materials are overbroad, vague, and not reasonably likely to lead to admissible evidence. The Defendant argues as follows:

> Request Number 4 is vague, ambiguous and unduly burdensome. Request Number 4 seeks the production of documents seeks documents protected by attorney client and work product privileges; seeks the production of documents that are not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Request Number 6 seeks the production of documents that may have been created by non-testifying consultants and/or expert witnesses that are not presently discoverable. Request Number 6 seeks information that may be privileged confidential business practices and confidential proprietary information. Request Number 6 seeks documents that are not relevant to the claims or defenses of any parties, nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, the burden and expense of the requested discovery outweighs its likely benefit. Allstate objects to the extent this request seeks to compel Allstate to conduct a search beyond the scope of permissible discovery contemplated by the applicable rules of evidence and procedure; that some of the documents sought by this request seeks information not in the possession, custody or control of Allstate, but in the possession, custody or control of other separate legal entities. Such information is available to Plaintiff and/or their counsel through proper discovery processes. To the extent that Plaintiff's request attempts to acquire Allstate to obtain information not in Allstate's possession, custody or control, Allstate objects to such request on the grounds that they: (a) seek to compel Allstate to conduct a search beyond the scope of permissible discovery contemplated by the Federal Rules Civil Procedure; and (b) impose an undue burden and expense on Allstate. Allstate further objects to the extent this request seeks the disclosure attorney work product or disclosure of expert witnesses who may have been retained as consultants yet may not testify at the trial of this matter. Further, Allstate objects to this request as premature to the extent it seeks disclosure of experts that may testify as trial of this matter which will be disclosed pursuant to the timetable set forth in

> this Court's Scheduling Order. Without waiving the above and foregoing objections, *see* attached documents and privilege log.

The Defendant's objection is overruled. The Defendant asserts the potential of a violation of the attorney-client privilege and/or the work product privilege. The attorney-client privilege is only available when all the elements are present. <u>Universal City Development Partners, Ltd. v. Ride & Show Engineering, Inc.</u>, 230 F.R.D. 688, 690 (M.D. Fla.2005) (citing <u>Provenzano v. Singletary</u>, 3 F. Supp 2d 1353, 1366 (M.D. Fla. 1999) *aff'd,* 148 F.3d 1327 (11th Cir. 1998). The elements of the attorney-client privilege are: (1) Where legal service advice of any kind is sought, (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence, (5) by the client, (6) are at his instance permanently protected, (7) from disclosure by himself or by the legal advisor, (8) except the protection may be waived. <u>Universal City Development Partners, Ltd.</u>, 230 F.R.D. at 690 (quoting <u>International Telephone and Telegraph Corp. v. United Telephone Co.</u>, 60 F.R.D. 177, 184-185 (M. D. Fla. 1973)). The party asserting the privilege has the burden of proving the existence of the privilege. <u>United States v. Schaltenbrand</u>, 930 F.2d 1554, 1562 (11th Cir. 1991). The Defendant fails to demonstrate how the attorney-client privilege would be violated by the request for production.

Like the attorney-client privilege, the party asserting the work product privilege has the burden to prove that the documents sought are protected work product. <u>Palmer v Westfield Insurance Company</u>, 2006 WL 2612168 (M.D. Fla. June 30, 2006). The work product privilege "typically applies only to documents prepared principally or exclusively to assist in anticipation or ongoing litigation." <u>Id.</u> at * 3. Unlike the attorney-client privilege, which is controlled by state law in

diversity cases, the work product privilege is controlled by Rule 26 of the Federal Rules of Civil

Procedure. Id. at * 2. The Rule states in pertinent part:

> a party may obtain discovery of documents . . . otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative . . . only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the material by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Fed R .Civ. P. 26(b)(3). Again, the Defendant fails to demonstrate why the work product privilege would be violated by the request. Furthermore, merely stating that the information may disclose the identity of a potential expert who may not testify is simply not sufficient to overcome the need for the requested documents.

Finally, the Defendant objects stating the materials are not in their possession and control. The term control is broadly construed. Jans ex rel. Jans v. The GAP Stores, Inc., 2006 WL 2691800 *2 (M.D. Fla. September 20, 2006). Documents are deemed to be in a parties possession or control if the party has actual possession, custody, and control or the legal right to obtain the documents on demand. Weatherspoon v. Baptist Hospital, Inc., 2006 WL 2380712 *1 (N.D. Fla. August 16, 2006)(citing Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984)). It is somewhat hard for the Court to imagine that the Defendant would not, at the very least, have the legal right to demand the production of its own underwriting file. Thus, the Motion is due to be granted.

Request number 5 requests "[t]he file or files of any individual or entities hired or retained by Defendant to investigate and/or adjust the Subject Claim." Allstate objects with the same objection.

The objection is overruled. The files are to be produced with the exception of documents that are covered by the attorney-client privilege. The Defendant may file a privilege log for any materials that are deemed privileged under the attorney-client privilege.

Request number 6 seeks "[t]he entire claim file relating to the Subject Claim, including, but not limited to, all notice(s) of loss, communications between Promenades Mall and/or Edens & Avant, and Allstate (including Allstate's agents, employed adjusters, independent adjusters, representatives, insurance agents, brokers) relating to or referring to the Subject Claim, all photographs, all expert reports, all field adjuster reports, log notes, and all other contents of the claim file (exclusive of materials protected by the attorney-client privilege)." Allstate objected to the request stating its standard objection that the materials are protected work product as well as vague and overbroad.

The contents of insurance claim files are generally discoverable in diversity actions. St. Joe Company v. Liberty Mutual Insurance Co., 2006 WL 339128 * 3 (M.D. Fla November 22, 2006). Generally speaking, the claim file is discoverable up to the point where the party would anticipate that litigation would ensue. After that date the claim file would be protected by the work product immunity doctrine. *See* Moye, O'Brien, Orourke, Hogan & Pickert v. National R.R. Passenger Corp., 2003 WL 21146674 * 14 (M.D. Fla. May 13, 2003). The Defendant's general objections to vagueness and burden are overruled for lack of supporting argument. Milinazzo, 247 F.R.D. at 695 (holding that "[o]bjections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are by themselves, meaningless, and are deemed without merit. . ."). Thus, the question is when did Allstate anticipate that litigation would ensue in this action.

There is no hard and fast rule that would determine when a party made its decision that litigation would result. Id. However, the Court in Milinazzo v State Farm Insurance, determined that the documents prepared prior to the final decision to deny the claim would have been prepared prior to the defendant anticipating litigation. Id. at 701. This court adopts the same approach as that used by the Milinazzo Court.

Following Hurricane Charley, Allstate inspected the damage to the Covered Property, estimated that the Covered Property sustained hurricane damage in the amount of Four Million Seven Hundred Eighty-Five Thousand Six Hundred Thirty-Three Dollars and Forty-Seven Cents ($4,785,633.47), and paid Promenades Mall the estimated amount with the understanding that a supplemental claim could be made if the actual damage and repair costs exceeded the initial estimate.

In February 2007, Promenades Mall submitted a supplemental claim to Allstate in excess of Two Million Five Hundred Thousand Dollars ($2.5 million), which represented the difference between Allstate's initial estimate and the actual damage and repair costs. Since that time Allstate has refused to pay the supplemental claim. Thus, based upon the standard adopted from Milinazzo, the claim file must be produced up to the February 2007 date when the Defendant declined to pay the supplemental claim.

Request number 7 seeks "[a]ll reports, correspondence, investigation, or advisory documents from any person, including Allstate's employees, agents, independent contractors and/or experts who have conducted any investigation of the Subject Claim, the scope of damages suffered as a result of Hurricane Charley at the Promendades Mall, and/or the cost to repair the damages suffered as a result of Hurricane Charley." Again Allstate responds with it's same standard objection.

The information goes directly to the heart of the issue at hand and the request is, therefore, relevant. All of the requested documents prepared prior to the final decision to deny the supplemental claim are due to be produced with the exception of those documents that are protected by the attorney-client privilege.

Request number 8 requests "[a]ll reports, correspondence, investigation, or advisory documents from any person, including Allstate's employees, agents, independent contractors and/or experts who claim to have conducted an investigation into the construction performed at Promenades Mall subsequent to Hurricane Charley." Allstate responded with its standard objection. The information goes directly to the heart of the issue at hand and the request is, therefore, relevant. All of the requested documents prepared prior to the final decision to deny the supplemental claim are due to be produced with the exception of those documents that are protected by the attorney-client privilege.

Request number 10 seeks "[a]ll contracts, agreements, appointments and any other documents showing the relationship between Allstate and any independent contractors, experts, or agents hired by Allstate to adjust, analyze or investigate the Subject Claim." Allstate files its standard objection. Allstate's objections are overruled as the information is relevant and specific to the Plaintiff's claim. The information is within the legal control of the Defendant as defined by the Federal Rules. Thus the requested documents prepared prior to the final decision to deny the supplemental claim are due to be produced with the exception of those documents that are protected by the attorney-client privilege.

Request number 11 seeks "[a]ll correspondence, e-mails, memoranda, notes, phone logs and/or documents between any independent contractors, independent adjustors, experts or field

adjustors, hired to adjust, analyze and/or investigate the Subject Claim." Allstate filed its standard objection which is overruled. The requested information is relevant and is within the legal control of Allstate. Thus the requested documents prepared prior to the final decision to deny the supplemental claim are due to be produced with the exception of those documents that are protected by the attorney-client privilege.

Request numbers 12, 13, 14, 15, 16, 17, and 18 request information related to how Allstate handles its claims procedures. The request are as follows:

Request number 12 "[a]llstate's written policies, practices, procedures, standards, regulations, guidelines, and recommendations for the management, handling, administration, investigation and adjustment of first party claims for calendar years 2004 through 2008."

Request number 13 "[a]llstate's manuals, handbooks, bulletins, publications, newsletters, instructional materials, training materials, memoranda, directives, letters and other forms of written communication directed to its claims personnel, claims managers, claims supervisors, or any other person acting on behalf of Allstate relating to or referencing the management, handling, administration, investigation and adjustment of first party property claims for calendar years 2004 through 2008."

Request number 14 "[a]llstate's manuals, handbooks, bulletins, publications, newsletters, instructional materials, training materials, memoranda, directives, letters and other forms of written communication directed to its claims personnel, claims managers, claims supervisors, or any other person acting on behalf of Allstate relative to the interpretation of the mold exclusion (special form/builders risk) BU 5787."

Request number 15 "[a]llstate's manuals, handbooks, bulletins, publications, newsletters, instructional materials, training materials, memoranda, directives, letters and other forms of written communication directed to its claims personnel, claims mangers, claims supervisors, or any other person acting on behalf of Allstate relative to the interpretation of the Building Laws Endorsement (No. BU 5696) contained in the Policy."

Request number 16 "[a]llstate's manuals, handbooks, bulletins, publications, newsletters, instructional materials, training materials, memoranda, directives, letters and other forms of written communication directed to its claims personnel, claims managers, claims supervisors, or any other person acting on behalf of Allstate relative to the interpretation of the Water Damage Endorsement (BU 5559-2) contained in the Policy."

Request number 17 "[a]llstate's manuals, handbooks, bulletins, publications, newsletters, instructional materials, training materials, memoranda, directives, letters and other forms of written communication directed to its claims personnel, claims managers, claims supervisors, or any other person acting on behalf of Allstate relative to the interpretation of the Coverage A-Conditions - Paragraph 1 – "How We Settle a Loss" - (a) Replacement Cost."

Finally, request number 18 "[a]llstate's manuals, handbooks, bulletins, publications, newsletters, instructional materials, training materials, memoranda, directives, letters and other forms of written communication directed to its claims personnel, claims managers, claims supervisors, or any other person acting on behalf of Allstate relative to the interpretation of the Coverage A-Conditions - Paragraph 1 – 'How We Settle a Loss' - (b) Actual Cash Value."

Allstate objects with its standard objection to each of the above and also includes an objection based upon the proposition that the requested manuals and various procedures are

confidential and proprietary information. The policies, procedures, and manuals requested are relevant as to how Allstate manages and conducts its claims service. Since this claim was processed under the umbrella of the requested documents, those documents are probative of how Allstate determined the value of the damages to Promenades Mall caused by Hurricane Charlie. As such, they are due to be produced. However, the time frames are overbroad and Allstate is only required to produce the manuals and other requested documents used to adjust and pay the instant claim in 2004. Further Allstate's objection that the information requested in requests for production 12, 13,14,15, 16, 17, and 18 is proprietary and confidential information is valid. Thus, the Court will issue a protective order, under separate cover, to prevent the public disclosure of the materials.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Promenades Mall (E & A), LLC.'s Amended Motion to Compel Production of Documents (Doc. #47) is **GRANTED** in part and **DENIED** in part.

(1) The Plaintiff, Promenades Mall (E & A), LLC.'s Amended Motion to Compel Production of the Underwriter's File is **DENIED.**

(2) The Plaintiff, Promenades Mall (E & A), LLC.'s Amended Motion to Compel Production of Requests Nubmers 2, 4, and 5 is **GRANTED.**

(3) The Plaintiff, Promenades Mall (E & A), LLC.'s Amended Motion to Compel Production of Requests for Production Numbers 6, 7, 8, 10, and 11 is **GRANTED.** However, the production is limited to the time prior to Allstate denying the supplemental claim.

(4) The Plaintiff, Promenades Mall (E & A), LLC.'s Amended Motion to Compel Production of Requests for Production Numbers 12, 13, 14, 15, 16, 17, and 18 is **GRANTED**. The Production

is limited to the year 2004 and the production will be subject to the limitations of the Court's Protective Order.

(5) The Court will issue a Protective Order under separate cover.

**DONE AND ORDERED** at Fort Myers, Florida, this ___11th___ day of May, 2009.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record